NO. 07-01-0275-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



FEBRUARY 19, 2002



______________________________




PRIMROSE OPERATING COMPANY AND PALMER


OILFIELD CONSTRUCTION COMPANY, APPELLANTS






V.



WALTER JAMES JONES, III AND JONA JONES, INDIVIDUALLY


AND AS NEXT FRIENDS FOR ALLISHA JONES AND TY JAMES


JONES, THEIR MINOR CHILDREN, AND OLD REPUBLIC, APPELLEES




_________________________________



FROM THE 50TH DISTRICT COURT OF KING COUNTY;



NO. 99-589; HONORABLE DAVID W. HAJEK, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

ON ABATEMENT AND REMAND


 Primrose Operating Company (Primrose) and Palmer Oil Field Construction
Company (Palmer) have challenged a judgment in favor of Walter James Jones III and
Jona Jones, individually and as next friends for Allisha Jones and Ty James Jones
(hereinafter collectively referred to as the Joneses) for injury to Walter James Jones III
during his employment. Old Republic Insurance Company (Old Republic) also recovered
a subrogation claim against Primrose. 

 We currently have several pending motions before us in this matter. The first is a
motion to dismiss on behalf of Old Republic which asserts it has settled all issues related
to its subrogation claim and thus no longer has an interest in the outcome. The motion
contains a certificate of conference with counsel for the Joneses, Palmer and Primrose
which states that the motion is unopposed. Nevertheless, a civil appeal may be voluntarily
dismissed only in accordance with a settlement agreement signed by all parties or their
attorneys filed with the clerk or in accordance with a motion of appellant to dismiss the
appeal. Tex. R. App. P. 42.1(a)(1) and (2). No such motion to dismiss has been filed by
appellant. Therefore, Old Republic's motion to dismiss is overruled at this time. The
parties should comply with the Rules of Appellate Procedure in seeking dismissal of all or
any portion of the appeal.

 The next matter before us is the lack of a reporter's record. The record was
originally due to be filed on August 10, 2001. The clerk's record was filed on August 27,
2001, after an extension of time was granted. On that same day, we notified the court
reporter that if the reporter's record could not be filed by September 10, 2001, that she
should complete the court reporter's request form for an extension of time. On September
13, 2001, we received that form in which the court reporter requested an extension of time
to October 6, 2001, due to the fact she had been in the hospital periodically for four weeks
and had been unable to work. That request was granted. By November 13, 2001, the
record had still not been filed, and we received a request for extension of time to
December 13, 2001, due to a recent death in the reporter's family. That request for
extension was also granted. However, the reporter's record was still not received and we
sent a letter to the court reporter dated January 9, 2002, requesting that she again seek
an extension of time within ten days. We received no response and sent the reporter
another letter dated January 29, 2002, ordering her to file the record or a request for
extension of time within ten days. We received a response to the letter in which the
reporter stated she anticipated the record would be forwarded to the court on February 13,
2002. However, on that date, we received yet another letter from the reporter requesting
an extension of time due to her computer being repaired. We also have before us a
motion from Palmer seeking to compel completion of the record and requesting that we
either hold the reporter in contempt of court and confine her until she can produce the
record or grant it a new trial. 

 The trial court and an appellate court are jointly responsible for ensuring that an
appellate record is filed. Tex. R. App. P. 35.3(c). Among other duties, the trial court must
"help ensure that the reporter's work is timely accomplished by setting work priorities," and
may appoint a deputy reporter when the official court reporter is unable to perform the
duties. Tex. R. App. P. 13.3 and 13.5. We overrule Palmer's motion to compel completion
of the record at this time. However, we abate this appeal and remand the cause to the 50th
District Court of King County for further proceedings.

 Upon remand, the trial court shall immediately cause notice of a hearing to be given
and, thereafter, conduct a hearing to determine:

 (1) whether Mary Ann Gaither is unable to prepare and file the reporter's
record within 30 days from the date of hearing; or

 (2) whether circumstances require the trial court to direct the present court
reporter to prepare the record from the notes and materials of Mary Ann
Gaither; or

 (3) whether the trial court should appoint a deputy reporter to prepare and file
the reporter's record within 30 days from the date of hearing; and

 (4) finally, the trial court shall make such orders as in its discretion are
appropriate to facilitate the prompt filing of a reporter's record no later than
30 days from the date of the abatement hearing.


 The trial court shall cause the hearing to be transcribed and shall execute findings
of fact, conclusions of law, and such orders as the court may enter regarding the
aforementioned issues and cause its findings and conclusions to be included in a
supplemental clerk's record. A supplemental reporter's record of the hearing shall also be
included in the appellate record. Finally, the trial court shall file the supplemental clerk's
record and the supplemental reporter's record with the clerk of the court by March 21,
2002.

 Per Curiam

Do not publish.